Cook, J.,
concurring in part and dissenting in part.
{¶ 175} I respectfully dissent from that aspect of the majority’s judgment that affirms Group’s conviction of intimidation in violation of R.C. 2921.03(A) because the evidence on that count was insufficient. I concur, however, in the balance of the majority opinion and judgment.
APPENDIX
{¶ 176} Proposition of Law No. I: Appellant’s due process rights protected by Amendment 14, United States Constitution are violated when the trial court dismisses for cause jurors who express views against capital punishment.
{¶ 177} Proposition of Law No. II: It is error for the trial court to overrule defendant’s motion to prohibit the use of peremptory challenges to exclude jurors who express concerns about capital punishment, in violation of defendant’s Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.
{¶ 178} Proposition of Law No. Ill: A trial court’s refusal to excuse a juror who expressed a preference for the death penalty, and the inability to consider mitigation evidence and the corresponding requirements placed upon a capital defendant to excuse such a juror through the use of peremptory challenges, amounts to a denial of a fair and impartial jury and results in a denial of due process and equal protection of the laws under U.S. Const. Amend. XIV and Ohio Const. Art. [I], Sec. 2 and 16.
{¶ 179} Proposition of Law No. IV: The trial court’s granting of the state’s motion to excuse prospective juror number 389 for cause where the juror appears to be impartial and agrees to follow the judge’s instructions, constituted a denial of a fair and impartial jury which resulted in the denial of due process and the equal protection of the laws of the U.S. Const., Amend. IV in the Ohio Constitution Art. [I], Section[s] 2 and 16.
*276 {¶ 180} Proposition of Law No. V: The conviction of the appellant for the charge of aggravated murder in this case is against the manifest weight of the evidence. The evidence was insufficient as a matter of law to support appellant’s conviction for aggravated murder and should be reversed.
{¶ 181} Proposition of Law No. VI: The appellant’s right to effective assistance of counsel is prejudiced by counsel’s deficient performance.
{¶ 182} Proposition of Law No. VII: It is an abuse of discretion for the trial court to deny appellant’s Rule 29 motion for acquittal regarding the attempted aggravated murder charge.
{¶ 183} Proposition of Law No. VIII: It is error for the trial court to fail to instruct the jury pursuant to the request of appellant on law pertinent to the case all in violation of appellant’s rights as guaranteed in the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.
{¶ 184} Proposition of Law No. IX: It is prejudicial error for the trial court to remove a juror for expressing reservations to the verdict.
{¶ 185} Proposition of Law No. X: The trial court commits prejudicial error in failing to instruct the jury as requested by the appellant in the second phase of this trial in violation of the appellant’s Fifth, Sixth, Eighth and Fourteenth Amendment rights to the United States Constitution.
{¶ 186} Proposition of Law No. XI: R.C. 2929.04(B)(7) is unconstitutionally vague and may be understood by jurors as reasons for imposing the death sentence.
{¶ 187} Proposition of Law No. XII: The Due Process Clause is violated by a jury charge which permits a criminal conviction on proof less than beyond a reasonable doubt.
{¶ 188} Proposition of Law No. XIII: It is prejudicial error to sentence defendant to the death penalty, when, based upon the law and the record of this case, the sentence of death herein is inappropriate and is disproportionate to the penalty imposed in similar cases, in violation of defendant’s rights as guaranteed to him by the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Sections 5, 9, 10, and 16 of Article [I] of the Ohio Constitution.
{¶ 189} Proposition of Law No. XIV: R.C. 2903.01, 2929.02, 2929.021, 2929.022, 2929.023, 2929.03, 2929.04 and 2929.05 as read together and as applied in this case violate the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Sections 2, 9, 10, and 16 of Article [I] of the Ohio Constitution.
{¶ 190} Proposition of Law No. XV: The proportionality review that this court must conduct in the present capital case pursuant to Ohio Revised Code Section 2929.05 is fatally flawed and therefore the present death sentence must *277 be vacated pursuant to the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, Sections 5 and 10, Article [I] of the Ohio Constitution, and Ohio Revised Code 2929.05, in violation of defendant’s rights as guaranteed to him by the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Sections 5, 9, 10 and 16 of Article [I] of the Ohio Constitution.
Paul J. Gains, Mahoning County Prosecuting Attorney, Janice T. O’Halloran and Dawn M. Durkin, Assistant Prosecuting Attorneys, for appellee.
Annette L. Powers and John P. Laczko, for appellant.
{¶ 191} Proposition of Law No. XVI: It is error for a trial court to impose a death sentence when the death penalty law as currently applied in Ohio violates R.C. 2929.05(A) by requiring appellate courts and the Supreme Court, in conducting their R.C. 2929.04(A) review of “similar cases” for proportionality, to examine only those cases in which a death sentence was imposed and ignore those in which a sentence of life with parole eligibility after twenty full years or life with a parole eligibility after thirty full years was imposed. The current method also violates the rights to a fair trial and due process, results in cruel and unusual punishment, and implicates others of appellant’s protected rights as well, all as set forth in the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and in Sections 1, 2, 5, 9,10,16 and 20, Article I of the Ohio Constitution.